# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

MAKARAND BIDWAI,      *

   Plaintiff,      *

v.      CIVIL ACTION NO. RWT-11-998

     *

WILLIAM R. HITE, JR.,

     *

   Defendant.

     ***

## MEMORANDUM OPINION

On April 15, 2011, Plaintiff filed an employment discrimination complaint alleging workplace discrimination on the basis of race, color, and national origin, in violation of Title VII of the Civil Rights Act of 1964. ECF No. 1. Because he appears to satisfy indigency requirements, Plaintiff's Motion for Leave to Proceed In Forma Pauperis (ECF No. 2) shall be granted.

Plaintiff acknowledges receiving an Equal Employment Opportunity Commission ("EEOC") "Right-to- Sue" ("RTS") letter, dated November 24, 2008. ECF No. 1-7. Plaintiff's April 15, 2011 federal complaint was plainly filed long past the ninety-day time period prescribed by federal law and is therefore untimely. *See* 42 U.S.C. § 2000e-16(c). The ninety-day period provided for in Title VII is not jurisdictional, however, and is subject to principles of equitable tolling as would be a statute of limitations. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 93-96 (1990).

In this circuit, equitable tolling is applied in two, distinct situations: (1) where a plaintiff is prevented from asserting his claims by some wrongful conduct by defendant, and (2) where extraordinary circumstances beyond plaintiff's control made it impossible for him to file his claims

on time. *See Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Plaintiff has failed to show that his ability to file a timely discrimination complaint was impeded by defendant's conduct or by circumstances outside of his control.

He asserts that while the filing deadline for his Title VII case was February 22, 2009, a combination of issues concerning: his H1B Visa;[1] unfair representation by his employee union; the failure of the EEOC to correctly address the "weighted review final disposition;" and a "health aspect" in the three months preceding February 2009, caused delay in his filing of this action. ECF No. 1-2.

The Court has carefully considered Plaintiff's explanations for the delay in filing his complaint, and finds no justification for equitable tolling of the ninety-day limitations period. Plaintiff does not allege that there was some error on the part of the United States Post Office or the EEOC in the mailing or processing of his RTS letter that caused him to receive the letter long after November 24, 2008, nor does Plaintiff claim that any wrongdoing on Defendant's part justifies equitable tolling. Plaintiff merely states that unspecified issues concerning an H-1B Visa Program violation by his employer, the lack of fair union representation, the EEOC decision-making process itself, and an unidentified health ailment he suffered for a three-month period caused him to delay filing this action for more than two years after he received the RTS letter. Untimely and conclusory

---

[1] Plaintiff is apparently referencing the H1-B visa program, which takes its name from 8 U.S.C. § 1101(a)(15)(H)(i)(b), which sets forth eligibility requirements for "specialty occupation" visas like the one Plaintiff apparently received.

allegations of illness are insufficient to equitably toll the statute of limitations, and Plaintiff fails to how how the union's representation or the EEOC process prevented him from timely filing his Complaint. *See United States v. Taylor*, 22 Fed. Appx. 226, 227, 2001 WL 1545911 (4th Cir. Dec. 5, 2001).

A person who fails to act diligently cannot invoke equitable principles to excuse his lack of diligence. *See Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984). Because Plaintiff failed to file this discrimination action within the ninety-day period and alleges no reasonable factual basis for equitable tolling of the 782 days at issue, his Complaint shall be summarily dismissed. A separate Order follows.

Date: <u>April 28, 2011</u>                           /s/
                                                     ROGER W. TITUS
                                         UNITED STATES DISTRICT JUDGE