# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| MAKARAND BIDWAI, | * |
| Plaintiff, | * |
| v. | *   Civil Case No.: RWT 11-998 |
| WILLIAM R. HITE, JR., et al., | * |
| Defendants. | * |

\*\*\*

## MEMORANDUM OPINION

On May 31, 2011, Plaintiff Makarand Bidwai filed this "Motion to Reopen/Reconsider" the Court's April 28, 2011 Order dismissing his employment discrimination complaint as time-barred. ECF No. 5. On June 3, 2011, Bidwai filed a supplemental "Motion to Reopen/Reconsider." ECF No. 6. For the reasons that follow, these motions will be denied.

On April 15, 2011, Plaintiff filed a complaint with this Court alleging workplace discrimination on the basis of race, color, and national origin in violation of Title VII of the Civil Rights Act of 1964. ECF No. 1. Plaintiff received an Equal Employment Opportunity Commission "Right-to-Sue" letter on November 28, 2008, but he did not file his complaint until well after ninety days thereafter. *See* 42 U.S.C. § 2000e-16(c). In dismissing Plaintiff's complaint, this Court rejected Plaintiff's arguments that "a combination of issues concerning: his H1B Visa; unfair representation by his employee union; the failure of the EEOC to correctly address the 'weighted review final disposition;' and a 'health aspect'" justified equitably tolling his claims. ECF No. 3 at 2. The Court concluded that "[a] person who fails to act diligently

cannot invoke equitable principles to excuse his lack of diligence." *Id.* (citing *United States v. Taylor*, 22 Fed. App'x 226, 227, 2001 WL 1545911 (4th Cir. Dec. 5, 2001)).

Plaintiff filed this motion for reconsideration without specifying which Federal Rule of Civil Procedure would justify the Court's reconsideration of its April 28, 2011 Memorandum Opinion and Order. When a motion is filed after judgment without specifying the Rule that provides authority for it, courts typically construe it as either a Rule 59(e) motion to alter or amend a judgment, or a Rule 60(b) motion for relief from a judgment or order. *See Srinivasan v. Snow*, 211 Fed. App'x 186, 190-91, 2006 WL 3827005 (4th Cir. Dec. 28, 2006) (quoting *In re Burnley*, 988 F.2d 1, 2 (4th Cir. 1992)). A Rule 59(e) motion "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The Judgment was entered on April 28, 2011, and Plaintiff filed his motions on May 31, 2011 and June 3, 2011—more than twenty-eight days later. Thus, the Court will consider the present motion as having been filed pursuant to Rule 60.

Rule 60(b) provides that a party may obtain relief from a judgment or final order based upon:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Motions for reconsideration are "an extraordinary remedy which should be used sparingly." *Pacific Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998), *cert. denied*, 525 U.S. 1104, 119 S. Ct. 869, 142 L. Ed. 2d 771 (1999).

In his motions to reconsider, Plaintiff purports to submit to the Court "new facts and evidence" entitling him to relief. ECF No. 7 at 1. The crux of Plaintiff's argument is that, though he contemplated submitting his complaint several days prior to the limitations period deadline, he chose not to file the complaint then because he feared that his employers would attack his lack of immigration status and have him deported. ECF No. 5. Plaintiff also asserts that "two or more counsels" advised him that this was a possibility. *Id.*

Plaintiff's arguments can only feasibly be characterized as falling under Rule 60(b)(1), which allows for relief due to "excusable neglect," or under Rule 60(b)(6), which covers "any other reason that justifies relief." But Plaintiff's "free, calculated, and deliberate choice[]" to wait to bring his employment discrimination lawsuit because of his fear of other consequences is not "excusable neglect" and it is not a sufficient "reason" to "justif[y] relief." *See Ackerman v. United States*, 340 U.S. 193, 198 (1950) ("Petitioner cannot be relieved of such a choice because hindsight seems to indicate to him that his decision not to appeal was probably wrong . . . free, calculated, deliberate choices are not to be relieved from."). This is not the type of "extraordinary circumstance" which would justify granting a Rule 60(b) motion. *See Aikens v. Ingram*, No. 08-2278, 2011 WL 2725811, at *4 (4th Cir. Jul. 13, 2011) (rejecting plaintiff's Rule 60(b) motion because the limitations period on the claim ran as a result of plaintiff's "strategic litigation choices").

Accordingly, Plaintiff's "Motion to Reopen/Reconsider" (ECF No. 5) and supplemental "Motion to Reopen/Reconsider" (ECF No. 6) will be denied. A separate order follows.


Date: <u>August 8, 2011</u>          <u>              /s/                </u>
                                                  Roger W. Titus
                                                  United States District Judge